UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5872

CHARLES EDWARD MOSS, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-95-338)

Submitted: September 20, 1996

Decided: October 7, 1996

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Benjamin Patterson, ARRINGTON, HOLLOWELL & PAT-
TERSON, L.L.P., Greenville, South Carolina, for Appellant. Harold
Watson Gowdy, III, OFFICE OF THE UNITED STATES ATTOR-
NEY, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles Edward Moss, Jr., pled guilty to conspiracy to possess with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994). The district court sentenced Moss to serve 210 months imprisonment to be followed by five years supervised release. He appeals his conviction and sentence. Moss's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but indicating that, in his view, there are no meritorious issues for appeal. Moss was informed of his right to file a pro se supplemental brief; he has failed to file anything on his behalf.

Moss's counsel raises the questions of whether the district court erred in not ordering a downward departure from the United States Sentencing Guidelines and whether he received ineffective assistance of counsel during his guilty plea and sentencing hearings. Finding no reversible error, we affirm Moss's conviction and sentence.

In Moss's plea agreement, based on the cooperation provided, the Government explicitly retained the discretion to move for a downward departure[1] or a sentence reduction[2] for substantial assistance.

After evaluating Moss's information and finding it totally incredulous, the Government declined to move for a downward departure from the sentencing guidelines or for a reduced sentence. This decision was rationally related to a legitimate government interest and was not based on an unconstitutional motive such as race or religion; therefore, Moss is not entitled to any relief on this claim. See Wade v. United States, 504 U.S. 181, 185-86 (1992).

To support his claims of ineffective assistance of counsel, Moss asserted that he was "framed" by his attorney, that he was not adequately represented by counsel, and that he did not receive full credit for pleading guilty. These claims are directly belied by the record.

_____

[1] United States Sentencing Commission, Guidelines Manual, § 5K1.1 (Nov. 1994).

[2] Fed. R. Crim. P. 35(b).

2

First, there is no evidentiary support for Moss's claim that he was framed by his attorney. Second, the record revealed competent and thorough representation during the plea and sentencing hearings. Third, because of his guilty plea, Moss did receive a two-point acceptance-of-responsibility reduction during the calculation of his total offense level for sentencing purposes. As a final note, Moss has failed to allege that but for counsel's unprofessional errors, he would not have pled guilty and would have insisted upon going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Therefore, Moss's claims of ineffective assistance of counsel must also fail.

In accordance with the requirements of Anders , we have examined the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED